# MULTNOMAH FALLS CO., INC. *v.* STATE TAX COMMISSION

Mr. Harvey Karlin, Portland, Oregon, argued the cause for plaintiff.

Mr. Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, argued the cause for defendant.

Decision for plaintiff rendered May 17, 1966.

EDWARD H. HOWELL, Judge.

This case involves the true cash value of the Multnomah Falls Lodge property as of January 1, 1964.

Plaintiff owns and operates the Multnomah Falls Lodge facilities about thirty miles east of Portland under a special use permit with the United States Forest Service for a five-year period starting December 21, 1962. The Lodge was built in 1925 and the U. S. Forest Service acquired ownership and supervision of the property in 1939.

Plaintiff's interest in the property is required to be valued under ORS 307.060 which states that real property of the United States held under a lease or other interest less than fee simple shall be assessed

and taxed as for the full true cash value thereof subject only to deduction for restricted use.

■ In *R.L.K. and Company v. Commission*, 1 OTR 584 (1964), a similar case involving the Timberline Lodge facilities on Mt. Hood, this court stated that the value of the permittee's interest under ORS 307.060 should be determined by first finding the unrestricted value of the fee as if it were owned by an individual. Then the value of the permittee's interest should be determined by deducting from the unrestricted fee value an amount for all the restrictions contained in the permit including the length of the term thereof.

Again in this case as in *R.L.K. and Company v. Commission, supra*, 1 OTR at 596, defendant's appraiser in using the income approach considered an economic life of twenty years on the improvements although plaintiff's interest under the term of the special use permit will expire on December 21, 1967. Defendant in effect is appraising the property, not plaintiff's interest therein. The defendant's appraiser would give no consideration to the length of plaintiff's permit or the balance remaining. Also insufficient consideration was given to the many other restrictions in the permit, including the fact that the Forest Service could cancel it on thirty days notice if the "public interest" should require it. Many of these restrictions would not be found in an ordinary lease between private individuals.

Neither did the plaintiff's appraiser display any knowledge of the factors involved in appraising property under ORS 307.060.

Rather than remand this case to the defendant commission with directions to follow the procedure set forth in *R.L.K. and Company v. Commission, supra*,

(which was decided June 30, 1964) this court, considering all the evidence including the remaining life of the permit, sets the value of plaintiff's interest at $35,000 as of January 1, 1964.

Costs to neither party.